UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
DOUGLAS HORSTING,

                      Plaintiff,

         - against -

ST. JOHN'S RIVERSIDE HOSPITAL and
RIVERSIDE HEALTH CARE SYSTEM, INC.,

                      Defendants.
-----------------------------------------------------------------------x

**OPINION & ORDER**

No. 17-CV-3230 (CS)

Appearances
Gregory L. Folchetti
Costello & Folchetti, LLP
Carmel, New York
*Counsel for Plaintiff*

Mary Ellen Donnelly
Steven A. Zuckerman
Putney, Twombly, Hall & Hirson LLP
New York, New York
*Counsel for Defendants*

Seibel, J.

    Before the Court is the motion to dismiss of Defendants St. John's Riverside Hospital and Riverside Health Care System, Inc. (Doc. 15.)

## I.    BACKGROUND

    I accept as true the facts, but not the conclusions, set forth in Plaintiff's Amended Complaint. (Doc. 14 ("AC").)

### A.    Facts

    Plaintiff Douglas Horsting was employed by Defendants from 2003 until his termination in May 2016. (*Id.* ¶ 14.) During the thirteen years he worked for Defendants, Plaintiff received numerous accolades in connection with his work performance. (*Id.* ¶¶ 15-16.)

1

On or about February 1, 2016, Plaintiff received approval from Defendants for intermittent leave under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), for a period of one year through and including February 1, 2017, for an alleged serious health condition – namely spinal stenosis and multiple cervical disc herniations – that prevented him from performing the essential functions of his job. (*Id.* ¶¶ 20-22.) During this period, Plaintiff was permitted to utilize leave from his employment up to two times per month. (*Id.* ¶¶ 20, 23.)

Plaintiff alleges that, at or near the time he was granted FMLA leave, he was demoted when his position changed from Security Director[1] to Security Coordinator. (*Id.* ¶ 24.) According to Plaintiff, this alleged demotion was in response to and in retaliation for his seeking FMLA leave, and resulted in a reduction of compensation and the elimination of his entitlement to receive overtime pay. (*Id.* ¶¶ 25-26.)

On or about May 5, 2016, Plaintiff applied for additional FMLA leave for a separate health condition related to cardiac palpitations, elevated blood pressure, and insomnia that prohibited him from performing the essential functions of his position as Security Coordinator. (*Id.* ¶¶ 27-28.) Dr. Thomas Fiorentino, a practitioner of internal medicine employed by Defendants, completed Plaintiff's physical examination and the Certification of Health Care Provider for Employee's Serious Health Condition (the "Certification") in connection with Plaintiff's May 5, 2016 application for additional FMLA leave. (*Id.* ¶¶ 32-33.) The Certification indicated that the condition began on May 1, 2016; that its "probable duration" was "ongoing"; that the period of incapacity "officially" began on May 4, 2016; and that the estimated ending date for that period was "not determined." (*Id.* ¶ 35; Doc. 20 ("Folchetti Decl.") Ex. C at 3.)

---

[1] In his opposition brief, Plaintiff refers to this position as "Security Supervisor." (Doc. 21 ("P's Opp.") at 3.) The distinction, to the extent one exists, has no effect on the Court's analysis.

On May 9, 2016, Defendants' Human Resources Coordinator, Julie Vassallo, notified Plaintiff, via a document entitled "Designation Notice," that his request was not approved. (AC ¶¶ 36-37; Doc. 17 ("Zuckerman Decl.") Ex. E.) She identified two items that were missing from the Certification: (1) a possible ending date for the period of Plaintiff's incapacity, and (2) information concerning the type of health care provider or providers to whom Plaintiff had been referred. (Zuckerman Decl. Ex. E; *see* AC ¶¶ 35-36.) Vassallo also informed Plaintiff that his absence from April 25 to May 4, 2016 was unauthorized sick leave and that documentation was needed to show that his absences for those dates were medically necessary. (Zuckerman Decl. Ex. E.) Vassallo requested that Plaintiff provide the additional information within seven calendar days. (*Id.*) Plaintiff evidently did not provide the requested information and instead furnished another copy of the Certification that he had submitted on May 5. (*See* Zuckerman Ex. F.)

On May 16, 2016, Defendants denied Plaintiff's application for additional FMLA leave and terminated his employment. (Zuckerman Ex. F; *see* AC ¶ 38.) The stated reason for Plaintiff's termination was that he had been on unauthorized leave since April 25, 2016. (AC ¶¶ 39-40; Zuckerman Ex. F.) Plaintiff alleges that this reason was pretextual and that his termination was in retaliation for requesting additional FMLA leave, because at the time of his termination he was entitled to use his over 500 hours of sick leave that he had accrued over the course of his employment. (AC ¶¶ 40-42.)

### B. Procedural History

On May 2, 2017, Plaintiff commenced this suit by filing a complaint against Defendants alleging violations of the FMLA. (Doc. 1.) On July 28, 2017, Defendants submitted a letter requesting a pre-motion conference in anticipation of their motion to dismiss on the basis that

Plaintiff's claims were insufficiently pleaded under Federal Rule of Civil Procedure 12(b)(6). (Doc. 11.) Plaintiff responded by letter on September 11, 2017, (Doc. 13), and on September 18, 2017, the Court held a pre-motion conference to discuss the motion, (Minute Entry dated September 18, 2017). The Court granted Plaintiff leave to file an amended complaint, which he filed on October 10, 2017, asserting two claims: (1) FMLA interference and (2) FMLA retaliation. (*See* AC ¶¶ 44-56.) On October 31, 2017, Defendants moved to dismiss the AC, (Doc. 15), arguing that it fails to state a claim, (Doc. 16 ("Ds' Mem.")). Plaintiff filed a brief in opposition on December 12, 2017, (P's Opp.), and Defendants replied on January 16, 2018, (Doc. 25 ("Ds' Reply")).

## II. DISCUSSION

### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks omitted). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).[2]

### B. Documents Properly Considered

When deciding a motion to dismiss, a court is entitled to consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint . . . , and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Weiss v. Inc. Vill. of Sag Harbor*, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011) (internal quotation marks omitted). To be incorporated by reference, the complaint must make "a clear, definite and substantial reference to the documents." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (internal quotation marks omitted). "A document is integral to the complaint where the complaint relies heavily upon its terms and effect. Merely mentioning a document in

---

[2] Defendants cite to the plausibility standard of *Iqbal* and *Twombly*, (Ds' Mem. at 6-7), but they also cite to the outdated standard under which a motion to dismiss can be granted only "when 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'" (*id.* at 5 (quoting *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 69 (2d Cir. 2001)). This "no set of facts" standard was "retire[d]" by *Twombly* in 2007. *See* 550 U.S. at 563. Nobody – let alone a defendant – should be citing it any longer.

5

the complaint will not satisfy this standard; indeed, even offering limited quotation[s] from the document is not enough." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (alteration in original) (citation and internal quotation marks omitted).

Defendants attached six exhibits to the declaration of their counsel (Zuckerman Decl.): (1) a copy of Plaintiff's AC filed on October 10, 2017, (*id.* Ex. A); (2) a copy of Plaintiff's original complaint filed on May 2, 2017, (*id.* Ex. B); (3) a copy of the Court's endorsement dated July 31, 2017, granting Defendants' request for a pre-motion conference in connection with the instant motion, (*id.* Ex. C); (4) copies of Plaintiff's payroll records dated April 1, 2015 and May 3, 2015, (*id.* Ex. D); (5) a copy of Defendants' Designation Notice to Plaintiff dated May 9, 2016, (*id.* Ex. E); and (6) a copy of Defendants' May 16, 2016 letter denying Plaintiff's second FMLA request and terminating his employment, (*id.* Ex. F). Plaintiff attached three exhibits to the declaration of his counsel, (Folchetti Decl.): (1) a copy of the original complaint, (*id.* Ex. A); (2) a copy of the AC, (*id.* Ex. B); and (3) a copy of the Certification that Dr. Fiorentino completed on May 5, 2016, (*id.* Ex. C).

Plaintiff's Exhibits A and B, and Defendants' Exhibits A, B, and C are part of the record of this case, so the Court may consider their contents. The Certification, (Folchetti Decl. Ex. C); the Designation Notice dated May 9, 2016, (Zuckerman Decl. Ex. E); and Defendants' May 16, 2016 letter denying Plaintiff's FMLA request and terminating his employment, (*id.* Ex. F), are each integral to and incorporated by reference in the Plaintiff's AC, (AC ¶¶ 32-40). Accordingly, the Court may consider these exhibits in deciding Defendants' motion.

The payroll records at issue, (Zuckerman Decl. Ex. D), are offered in support of Defendants' motion to dismiss Plaintiff's FMLA retaliation claim based on his alleged demotion. As discussed further below, Plaintiff has abandoned this argument. (*See infra* Part D.1.) Thus,

the Court need not reach the issue of whether the payroll records are properly considered in deciding the instant motion because they have no bearing on the Court's analysis.

## C.     FMLA Interference

The FMLA provides, among other things, that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." *Id.* § 2615(a)(1).

To plead a *prima facie* case for FMLA interference, a plaintiff must plausibly plead that: (1) he is an eligible employee under the FMLA, (2) the defendant is an employer as defined by the FMLA, (3) he was entitled to leave under the FMLA, (4) he gave notice to the defendant of his intention to take leave, and (5) he was denied benefits to which he was entitled under the FMLA. *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016); *Ziccarelli v. NYU Hosps. Ctr.*, 247 F. Supp. 3d 438, 447 (S.D.N.Y. 2017); *Smith v. Westchester Cty.*, 769 F. Supp. 2d 448, 465 (S.D.N.Y. 2011). Defendants do not dispute the first two elements, and the Court assumes, without deciding, that Plaintiff has plausibly pleaded a serious health condition and thus meets the third.

Turning to the fourth element, an employee seeking FMLA leave must provide sufficient notice to reasonably apprise the employer of the employee's request to take leave under the FMLA. *See* 29 C.F.R. §§ 825.301(b), 825.302(c), 825.303(b) (2013); *Barr v. N.Y.C. Transit Auth.*, No. 99-CV-7927, 2002 WL 257823, at *6 (E.D.N.Y. Feb. 20, 2002). An employer may require that the employee support his request with a certification issued by the employee's health

care provider. 29 U.S.C. § 2613(a); 29 C.F.R. § 825.305(a). The certification must set forth, among other things, "[t]he approximate date on which the serious health condition commenced, and its probable duration" as well as the "likely duration" of any inability on the part of the employee to perform the essential functions of his job. 29 C.F.R. § 825.306(a)(2), (4).

If such a certification is required, "[t]he employee must provide a complete and sufficient certification." 29 C.F.R. § 825.305(c). A sufficient certification contains, among other things, "the date on which the serious health condition commenced" and "the probable duration of the condition." 29 U.S.C. § 2613(b)(1)-(2). "A certification is considered insufficient if the employer receives a complete certification, but the information provided is vague, ambiguous, or non-responsive." 29 C.F.R. § 825.305(c). The regulations provide that "[t]he employer shall advise an employee whenever the employer finds a certification incomplete or insufficient, and shall state in writing what additional information is necessary to make the certification complete and sufficient." *Id.* The employer generally must give the employee seven calendar days to cure any deficiency. *Id.* "An employee has an obligation to respond to an employer's questions designed to determine whether an absence is potentially FMLA-qualifying." *Id.* §§ 825.302(c), 825.303(b). "If the deficiencies specified by the employer are not cured in the resubmitted certification, the employer may deny the taking of FMLA leave . . . ." *Id.* § 825.305(c); *see id.* § 825.305(d).

Here, Plaintiff's AC is devoid of any allegations that he provided Defendants with the anticipated timing or duration of his condition or the requested leave. Instead, Plaintiff alleges that the Certification he provided in connection with his May 5, 2016 application for FMLA leave indicated that the ending date for his period of incapacity was "not determined." (AC ¶ 35; *see* Folchetti Decl. Ex. C at 3.) And when Defendants asked Plaintiff to provide a possible

8

ending date within seven calendar days, he failed to do so. (*See* Zuckerman Decl. Exs. E & F.) Accordingly, Plaintiff has not plausibly pleaded that he submitted a sufficient certification, and his FMLA interference claim must be dismissed. *See Willis v. Legal Aid Defender Ass'n*, No. 11-CV-11384, 2012 WL 246293, at *3, *7 (E.D. Mich. Jan. 26, 2012) (certification insufficient where it stated that probable duration of condition and estimated ending date for period of incapacity were to be determined); *Roff v. Low Surgical & Med. Supply, Inc.*, No. 03-CV-3655, 2004 WL 5544995, at *10 (E.D.N.Y. May 11, 2004) (dismissing FMLA interference claim because, in part, plaintiff failed to allege anticipated timing or duration of requested leave); *see also Alejandro v. N.Y.C. Dep't of Educ.*, No. 15-CV-3346, 2017 WL 1215756, at *21 (S.D.N.Y. Mar. 31, 2017) (dismissing FMLA interference claim on summary judgment where record contained unrebutted testimony that plaintiff's request lacked clear information regarding start and end dates and, as a matter of law per 29 C.F.R. § 825.305(c)-(d), employer was entitled to deny the request because plaintiff failed to cure the deficiency as requested), *appeal dismissed*, No. 17-1278 (2d Cir. 2017).

Plaintiff argues that Defendants were prohibited under the FMLA from requesting follow-up information in response to his Certification. (*See* P's Opp. at 14.) He cites no authority for this proposition, and his argument "is clearly at odds with the plain text of [the aforementioned] Department of Labor implementing regulations that [Plaintiff] ignores entirely." *Alejandro*, 2017 WL 1215756, at *21. Such regulations "*expressly require* employers to 'advise an employee whenever the employer finds a certification incomplete or insufficient,' to 'state in writing what additional information is necessary to make the certification complete and sufficient,' and to 'provide the employee with seven calendar days . . . to cure any such deficiency.'" *Id.* (emphasis and alteration in original) (quoting 29 C.F.R. § 825.305(c)). Where,

9

as here, the employee does not cure the deficiencies in the resubmitted certification, the regulations expressly permit the employee to deny the taking of FMLA leave. 29 C.F.R. § 825.305(c).[3]

Accordingly, Plaintiff's FMLA interference claim is dismissed for failure to state a claim upon which relief can be granted.[4]

### D.    FMLA Retaliation

"In an FMLA retaliation claim, an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Smith*, 769 F. Supp. 2d at 469 (internal quotation marks omitted). "To make out a *prima facie* case for FMLA retaliation, a plaintiff must establish: '1) he exercised rights protected under the FMLA; 2) he was qualified for his position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent.'" *Ziccarelli*, 247 F. Supp. 3d at 447 (emphasis added) (quoting *Graziadio*, 817 F.3d at 429). "[A]t the motion to dismiss stage, [however,] a plaintiff 'need not plead specific facts establishing a *prima facie* case of discrimination . . . .'" *Id.* (emphasis added) (quoting *Smith*, 769 F. Supp. 2d at 469). Instead, a plaintiff need only "plead . . . facts sufficient to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

---

[3] It is the employee's obligation to provide the required information. *See, e.g.*, *Coutard v. Mun. Credit Union*, 848 F.3d 102, 112 (2d Cir. 2017); *Hansler v. Lehigh Valley Hosp. Network*, 798 F.3d 149, 153 (3d Cir. 2015); 29 C.F.R. §§ 825.301(b), 825.302, 825.303. Plaintiff provides no authority for the proposition that the obligation shifts, and the employer must track down the information, where the plaintiff's doctor happens to be an employee of the defendant hospital.

[4] While this result may seem harsh, the FMLA was not designed simply to benefit workers, but to balance the needs of workers with the legitimate interests of employers. *See* 29 U.S.C. § 2601(b). An employer is entitled to sufficient information "to assess its own employment needs for the duration that [the employee] would be [on leave]." *Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 768 (7th Cir. 2008). An open-ended request for leave, such as the one Plaintiff made here, does not permit such an assessment.

Here, Plaintiff alleges in his AC that he was unlawfully demoted in direct response to and in retaliation for seeking FMLA leave that was approved in February 2016, (AC ¶¶ 24-26, 52, 54, 56), and that he was unlawfully terminated in direct response to and in retaliation for seeking additional FMLA leave in May 2016, (*id.* ¶¶ 53, 55-56).

1. *Demotion*

Defendants argue in their opening brief that Plaintiff's FMLA retaliation claim arising from his alleged demotion should be dismissed because Plaintiff does not plausibly allege that the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent and because the employment action at issue was merely a change in job title. (Ds' Mem. at 15-16, 19-21.) Plaintiff has not responded to these arguments. In his opposition brief, Plaintiff argues that he has properly pleaded a cause of action for FMLA retaliation based on his termination, but advances no arguments concerning whether he has properly pleaded an FMLA retaliation claim based on his alleged demotion. (*See* P's Opp. at 14-18.) Indeed, Plaintiff contends that he "has properly pleaded the occurrence of *an* adverse employment action in his *termination*," (*id.* at 15 (emphases added)), and that he has properly pleaded circumstances giving rise to an inference of retaliatory intent with respect to his termination, (*id.* at 16-17). But he refers to demotions only generally in the context of defining the term adverse employment action and goes no further. (*See id.* at 16).

"At the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim." *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, No. 08-CV-442, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014); *see, e.g.*, *Silverman v. Miranda*, 116 F. Supp. 3d 289, 303 (S.D.N.Y. 2015); *Bonilla v. Smithfield Assocs. LLC*, No. 09-CV-1549, 2009 WL 4457304, at

11

*4 (S.D.N.Y. Dec. 4, 2009); *Barmore v. Aidala*, 419 F. Supp. 2d 193, 201-02 (N.D.N.Y. 2005). Because Plaintiff has failed to address Defendants' arguments, he has abandoned his FMLA retaliation cause of action arising from his alleged demotion and therefore the claim is dismissed to the extent it is based on that demotion.

2. *Termination*

Finally, Plaintiff's FMLA retaliation claim arising from his termination also must be dismissed. "[A] necessary predicate to such a claim is an entitlement to FMLA leave . . . ." *Higgins v. NYP Holdings, Inc.* 836 F. Supp. 2d 182, 194 (S.D.N.Y. 2011) (collecting cases). In other words, to state a claim for retaliation under the FMLA, "it is not enough to simply submit a request for FMLA leave; the plaintiff must demonstrate that []he actually had a right to such leave." *Milne v. Navigant Consulting*, No. 08-CV-8964, 2010 WL 4456853, at *10 n.19 (S.D.N.Y. Oct. 27, 2010) (collecting cases). As explained above, Plaintiff failed to provide Defendants with adequate notice under the FMLA. *See supra* Part C. "Consequently, [Plaintiff] did not enjoy FMLA protection and could not avail himself of the rights that flow from the FMLA, a necessary element of a retaliation claim." *Brown v. Pension Bds.*, 488 F. Supp. 2d, 395, 410 (S.D.N.Y 2007); *see Lebowitz v. N.Y.C. Dep't of Educ.*, Nos. 15-CV-2890, 15-CV-5548, 2017 WL 1232472, at *12 n.6 (E.D.N.Y. Mar. 31, 2017).[5] Thus, Defendants' motion to dismiss Plaintiff's FMLA retaliation claim is granted, because Plaintiff has failed to plead facts

---

[5] To the extent Plaintiff alleges that he was unlawfully terminated for taking sick leave from April 25 to May 4, 2016 on the ground that this was FMLA-qualifying leave, his claim is without merit. "The use of paid sick leave is outside the scope of the FMLA's coverage." *Lebowitz*, 2017 WL 1232472, at *12 n.6. Further, it seems clear that neither Plaintiff nor Defendants regarded Plaintiff as having taken authorized sick leave during that period. Plaintiff does not allege that he ever sought to use sick leave for that period, and Defendant regarded that period as unexcused. (*See* AC ¶¶ 27, 40; Zuckerman Decl. Exs. E & F.) Finally, to the extent Plaintiff argues that Defendants should have applied his accrued sick leave to his absence beginning April 25, he provides no authority for the proposition that such action is required under the FMLA. *See Willis*, 2012 WL 246293 at *10 n.7.

sufficient to state a claim that is plausible on its face. *See Brown*, 488 F. Supp. 2d at 410; *Milne*, 2010 WL 4456853, at *10.

## III. LEAVE TO AMEND

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff has already amended once, (Doc. 14), and has not asked to amend again or otherwise suggested he is in possession of facts that would cure the deficiencies identified in this opinion. Accordingly, the Court declines to grant leave to amend *sua sponte*. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if he fails to specify how amendment would cure the pleading deficiencies in his complaint); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (denial of leave to amend would be proper where "request gives no clue as to how the complaint's defects would be cured") (internal quotation marks omitted).

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 15), and close the case.

**SO ORDERED.**

Dated: April 18, 2018
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.